UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:20-MJ-603

CURTIS LEE BRADLEY                                          DEFENDANT

## AGREED ORDER REGARDING SPEEDY TRIAL
*Electronically Filed*

THIS MATTER having come before the Court on the joint agreement of the parties, by and through its counsel, and the Court having found that entering an agreed order regarding speedy trial is appropriate, and for good cause shown, the Court hereby finds as follows:

1.     The government filed a complaint in this case on August 24, 2020, and this Court issued an arrest warrant on the same date. Defendant, who was in state custody based on state charges, was brought into federal custody on December 14, 2020 by virtue of a Writ of *Habeas Corpus Ad Prosequendum*, and first appeared before this Court on December 14, 2020. Defendant was ordered detained on December 16, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, ordinarily would require that an indictment or information charging the defendant with the commission of an offense must be filed within thirty days from the date on which the defendant was arrested. 18 U.S.C. § 3161(b). Further, under normal circumstances, 18 U.S.C. § 3164(b) requires that the trial of any person who is detained solely because he or she is awaiting trial must commence no later than 90 days following the beginning of such continuous detention.

2.     On November 3, 2020, Chief Judge Greg N. Stivers issued General Order No. 20-23 In Re: Court Operations Related to COVID-19, which included a directive stating that "[a]ll grand jury

proceedings are continued through December 31, 2020." (Gen. Order 20-23, ¶ 5). The Order noted that new grand juries would not be impaneled in the Bowling Green and Louisville divisions in December as previously scheduled, as "impaneling new grand jurors cannot be done without seriously jeopardizing public health and safety, including the health and safety of the prospective grand jurors, counsel, and Court staff." *Id.*

3.      On December 4, 2020, Chief Judge Greg N. Stivers issued General Order No. 20-25 In Re: Sixth Supplemental Order Concerning Court Operations related to COVID-19. The Order further continued grand jury proceedings stating that "[a]ll grand jury proceedings are continued through February 26, 2021." (Gen. Order 20-25, ¶ 4). As a result of this Order, the next scheduled date for an impaneled and sitting grand jury in the Western District of Kentucky is March 9, 2021, when the grand jury for the Paducah division is scheduled to be in session.

4.      No grand juries have met in the Western District of Kentucky since the issuance of General Order 20-23. The Speedy Trial Act automatically provides for an additional thirty days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b).

5.      For these reasons, the ends-of-justice are served by continuing the thirty-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), resetting the thirty-day period to begin anew on the date that this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, as communicated through a new General Order, and excluding the period of time between the date on which the defendant was arrested and the date on which this Court first permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, for all Speedy Trial Act purposes. Further, given the

foregoing, doing so outweighs the best interest of the public and defendant in a speedy indictment and speedy trial.

6.      Failure to grant the requested continuance continuing the thirty-day statutory Speedy Trial clock would require to the Court to dismiss any complaint for which an information or indictment has not been filed within 18 U.S.C. § 3161(b)'s required thirty-day time limit, either with or without prejudice. 18 U.S.C. § 3162(a)(1), which may result in a miscarriage of justice.

7.      Failure to continue this case is also likely to put government counsel, witnesses, grand jurors, and Court personnel at unnecessary risk.

8.      The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the United States to obtain available witnesses.

9.      Undersigned counsel for the Defendant affirms that he has discussed the contents of this Order with his client and that his client agrees and consents to all provisions of this Agreed Order.

**THEREFORE, FOR GOOD CAUSE SHOWN:**

1.      The thirty-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), which was originally set to expire on January 13, 2021, is hereby continued until thirty days after the date on which this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, based on the Court's assessment of the public-health concerns raised by the coronavirus (COVID-19) and communicated through a new General Order.

2.      Pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iii), the time period of December 14, 2020, to the date that this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, communicated through a new General Order, inclusive, is hereby excluded in computing the time for all Speedy Trial Act

purposes, including but not limited to the time within which an indictment or information must be filed (18 U.S.C. § 3161(b)) and for calculating the 90-day time period for beginning trial for a defendant who is detained solely because he is awaiting trial (18 U.S.C. § 3164(b)).

3.      Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which indictment or information must be filed or a trial must commence.


HAVE SEEN AND AGREED TO:

RUSSELL M. COLEMAN
United States Attorney


_____
Christopher C. Tieke
Stephanie M. Zimdahl
Assistant U.S. Attorneys


_____
Armand I. Judah
Attorney for Defendant


Regina S. Edwards, Magistrate Judge
United States District Court


January 4, 2021